(No. 3014—

KATHRYNE RYAN, WIDOW OF R. J. RYAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 15, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Under a stipulation of facts filed in the above entitled cause it is disclosed that Kathryne Ryan, claimant herein, is the widow of Richard J. Ryan, deceased; that on the 13th day of June, 1936, and continuously for more than a year prior thereto, Richard J. Ryan was an employee in the Department of Public Works and Buildings, Highway Division of the State of Illinois, as a Maintenance Patrolman.

That on June 13, 1936 while he was engaged in sweeping loose stones at the intersection of U. S. Routes No. 12 and No. 14, two cars collided; one of them skidded across the pave-

ment, overturned and knocked Ryan into a sign post, causing injuries from which he died two days later. Deceased left surviving, Kathryne Ryan, his widow, and the following children; Patricia, age nine years, Joan, age five years and Alice, age eight months. Deceased was employed by respondent February 10, 1933 as Maintenance Patrolman, at a salary of One Hundred ($100.00) Dollars per month. He continued in such position until the time of his death, his salary having been increased, September 1, 1935, to One Hundred Twenty ($120.00) Dollars per month. All medical, hospital, nursing and ambulance bills have been paid by the State, in the sum of Two Hundred Fifty-seven and 25/100 ($257.25) Dollars. Claimant seeks an award of Five Thousand Five Hundred ($5,500.00) Dollars, under the terms of the Workmen's Compensation Act of Illinois.

It is apparent from the record that the actual injuries which caused the death of Richard J. Ryan arose out of and in the course of his employment; that respondent and the employee at the time of the accident were both under the provisions of said Act; that compliance with the various provisions of said Act have been observed in making claim herein; that inasmuch as the deceased employee left surviving, a widow and three children under the age of sixteen years, the amount due, if any, would be a sum equal to four times the average annual earnings of said employee, with the maximum allowance increased from Four Thousand ($4,000.00) Dollars to Five Thousand Five Hundred ($5,500.00) Dollars by virtue of Sections 7(a) 7(h-3) of the Workmen's Compensation Act of Illinois.

Plaintiff's actual wages for the year prior to his death were apparently One Thousand Three Hundred Ninety ($1,390.00) Dollars. Four times such amount exceeds the maximum allowance and a total award of Five Thousand Five Hundred ($5,500.00) Dollars would therefore be authorized. The usual basis for payments of fifty (50) per cent of the average weekly wage is increased to sixty-five (65) per cent because of the survival of three children. His average weekly wages would figure Twenty-seven and 69/100 ($27.69) Dollars, and payments therefore on award at Eighteen ($18.00) Dollars per week are authorized by virtue of Section 8(j3) of the Act. The amount of One Thousand One Hundred and Seventy ($1,170.00) Dollars has accrued as an earned award

from June 15, 1936 to September 15, 1937, and the remainder is due in future payments.

The court finds Richard J. Ryan left surviving him at time of his death his widow, Kathryne Ryan, and his three daughters, Patricia Ryan, Joan Ryan, and Alice Ryan, the last three being each under the age of sixteen years and all dependent upon said Richard J. Ryan. The court finds that there is due on account of Kathryne Ryan, the surviving widow of Richard J. Ryan, deceased, under the terms of Section 7(a) of the Workmen's Compensation Act, the sum of Four Thousand ($4,000.00) Dollars; that there is also due the further sum of Fifteen Hundred ($1,500.00) by reason of the dependency of Patricia Ryan, Joan Ryan, and Alice Ryan, the three children of Richard J. Ryan, deceased, who were under the age of sixteen years at the time of their father's death.

The court in its discretion, as authorized under Section 7(g) of the Workmen's Compensation Act, further finds that the total amount of such payments including both the sum of Four Thousand ($4,000.00) Dollars due the surviving widow and the additional amount of Fifteen Hundred ($1,500.00) Dollars awarded on account of such minor children should be paid direct to the said Kathryne Ryan for the use of herself and said children until the further order of this court.

It is Therefore Ordered that an award be and the same is hereby allowed in favor of Kathryne Ryan, Patricia Ryan, Joan Ryan, and Alice Ryan, in the sum of Five Thousand Five Hundred ($5,500.00) Dollars, payable to the order of Kathryne Ryan as follows:

For amounts accrued for a period of sixty-five (65) weeks to September 14, 1937, $1,170.00.

The balance due of $4,330.00 to be paid in monthly installments on the basis of $18.00 per week, commencing September 15, 1937 and continuing thereafter, subject to the terms of the Workmen's Compensation Act of Illinois.

It is the Further Order of the Court that the total of said payments covering computation for both the surviving widow, Kathryne Ryan and the said three children shall be paid to said Kathryne Ryan until the further order of this court.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensa-

tion Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3, 1937 (Sess. Laws 1937, p. 83) and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the Road Fund in the manner provided for in such Act.